NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3463

CURTIS WEBB,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  May 9, 2005

_____

PER CURIAM.

Curtis Webb seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal.  Webb v. United States Postal Serv., No. DA07520348-I-1 (Aug. 8, 2004).  We affirm.

I

Mr. Webb was removed from his position in the U.S. Postal Service ("agency") as mail handler for alleged violation of a last chance settlement agreement.  He appealed his removal to the Board.  The Administrative Judge ("AJ") assigned to his case issued an Acknowledgement Order in which the AJ noted that the Board might lack authority to hear his case, because his appeal appeared to be untimely and because the terms of the last chance settlement agreement provided that he waived his appeal rights if the settlement agreement was broken by Mr. Webb.

The agency replied that it considered Mr. Webb's appeal to be untimely and that he had broken the settlement agreement. The agency also asserted that regardless of the timeliness and settlement agreement issues, the Board lacked jurisdiction to hear his appeal because he did not fall in the narrow category of postal workers who have appeal rights to the Board.

The AJ then issued a show cause order to Mr. Webb, telling him that he carried the burden of establishing Board authority to hear his case. The AJ explained that only a narrow category of postal workers could appeal to the Board, and the AJ afforded Mr. Webb the opportunity to show that he was either a preference eligible, a manager or supervisor, or a personnel official in his job at the post office. Had Mr. Webb established that he was any one of those kinds of employees, the AJ would have considered his case further. Mr. Webb, however, did not reply to the show cause order.

Because the agency had asserted facts showing that Mr. Webb was not a preference eligible, a manager, supervisor or personnel employee, and because Mr. Webb had produced no contrary evidence, the AJ entered an initial decision dismissing the appeal on the ground that Mr. Webb did not occupy a postal job that gave him appeal rights. When the full Board denied Mr. Webb's petition for review, the initial decision became the final decision of the Board. Mr. Webb timely sought review in this court.

II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Where the final decision of the Board rests on findings of fact, those findings must be supported by substantial evidence.

In this case, the Board correctly noted that it has limited authority to hear appeals brought by postal employees. Preference eligible employees have appeal rights, but here Mr. Webb made no showing to overcome the agency's showing that he is not a preference eligible employee. Substantial evidence supports the Board's decision that Mr. Webb cannot sustain Board jurisdiction as a preference eligible.

As for the other categories of postal workers who can appeal to the Board, a clear line is drawn between employees who are represented by a union and those employees in management, supervisory and personnel work who are not. Here, again the agency showed that Mr. Webb did not work as a manager, supervisor or personnel employee, and the record shows that he sought to pursue his rights under the union's collective bargaining agreement. Consequently, there is substantial evidence that Mr. Webb is not a manager, supervisor, or personnel employee. Therefore, the Board was correct in concluding that Mr. Webb could not seek vindication for his removal before the Board. The Board's decision correctly applied the law to the facts of the case. We therefore affirm.